IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SOUTHERN MILLS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| BURLINGTON INDUSTRIES LLC | ) | JURY DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Southern Mills, Inc. ("Plaintiff") files this Complaint against Burlington Industries LLC ("Defendant") and alleges the following:

**NATURE OF ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including in particular, Sections 271, 281, 283, 284, and 285, as a result of Defendant's acts of infringement of United States Patent No. RE 42,209 ("the '209 patent").

2. The '209 patent is owned by Plaintiff. A true and correct copy of the '209 patent is attached to this Complaint as Exhibit A.

1

## THE PARTIES

3.   Plaintiff is a corporation organized and existing under the laws of the State of Georgia, and has a principal place of business at 6501 Mall Boulevard, P.O. Box 289, Union City, Georgia 30291. Plaintiff is in the business of manufacturing and selling fabrics, including flame resistant fabrics.

4.   On information and belief, Defendant is a corporation organized under the laws of Delaware, with its principal place of business at 804 Green Valley Road, Suite 300, Greensboro, NC 27408-7039. Defendant may be served through its registered agent for service of process, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over the subject matter of this action under Title 28, United States Code, Sections 1331 and 1338(a).

6.   Upon information and belief, Defendant has made, used, offered for sale, sold and/or imported products that infringe the '209 Patent in the State of Georgia (including the Northern District) and elsewhere, and continues to conduct this infringing activity. In addition, this cause of action arises, in part, from business done in the Northern District of Georgia by Defendants. On information

and belief, Defendant also has systematic and continuous contact with the state of Georgia, including through sales and/or offers for sale of infringing products in this district.

7. Venue is proper in this judicial district under Title 28, United States Code, Sections 1391 and 1400 and Local Rule 3.1(B).

## BACKGROUND

8. Plaintiff is the owner of all right, title and interest in U.S. Patent No. 6,867,154 ("the '154 Patent"), entitled "Patterned, Flame Resistant Fabrics and Method For Making Same," which was duly and property issued by the U.S. Patent and Trademark Office ("PTO") on March 15, 2005.  The '154 Patent lists Plaintiff as the assignee and Clyde C. Lunsford, Phillip H. Riggins, and Michael T. Stanhope as inventors.

9. On March 8, 2007, Plaintiff filed a reissue application for the '154 patent with the PTO.  On March 8, 2011 the PTO duly and legally issued U.S. Patent No. RE 42,209 ("the '209 patent").

10. Plaintiff is the lawful owner of all right, title, and interest in and to the '209 patent, including all right to recover for past, present and future infringement.

11. On information and belief, Defendant has manufactured, used, offered for sale, sold, or imported and continues to manufacture, use, offer for sale, sell or import in the United States, including this judicial district, flame resistant fabrics possessing the novel and inventive elements recited in the claims of the '209 patent.

## PATENT INFRINGEMENT

12. Plaintiff realleges, adopts, and incorporates by reference the allegations included within paragraphs 1 through 11 as if fully set forth herein.

13. On information and belief, Defendant has manufactured, used, offered for sale, sold, or imported, and continues to manufacture, use, offer for sale, sell or import in the United States flame resistant fabrics that incorporate each and every element of one or more of the claims of the '209 patent and therefore are covered by the '209 patent.

14. For instance, on information and belief and as evidenced by the description of fabrics contained in Solicitation Number W91A2K-0229-2010, Defendant offered for sale to the Department of the Army at least by September 10, 2010 a flame resistant fabric that incorporates each and every element of one or more of the claims of the '209 patent and therefore is covered by the '209 patent.

A true and correct copy of the Special Notice regarding Solicitation Number W91A2K-0229-2010 is attached to this Complaint as Exhibit B. Attached as Exhibit C is Solicitation Number W911QY-10-P-0667 which, upon information and belief, references the same fabrics but, rather than specifying their specific blends, labels them "Sigma 4 Star™" fabrics.

15. Additionally, on information and belief, Defendant offered for sale at the Techtextil Trade Show, held in Atlanta, Georgia from May 18, 2010 through May 20, 2010, a flame resistant fabric that incorporates each and every element of one or more of the claims of the '209 patent and therefore is covered by the '209 patent. Upon information and belief, the infringing products offered for sale at the Techtextil Trade Show included one or more Sigma™ products.

16. Defendant has been infringing and continues to infringe the '209 patent, either literally or under the doctrine of equivalents, by making, using, offering for sale, selling or importing the Defendant's flame resistant fabrics that embody each element of at least one of the claims of the '209 patent and will continue to do so unless enjoined by this Court.

17. Defendant's infringement has damaged Plaintiff in an amount to be determined at trial.

18. Plaintiff has been damaged and will be irreparably injured by Defendant's continuing infringement of the '209 patent, for which Plaintiff has no adequate remedy at law. Defendant's infringing activities will continue unless enjoined by this Court pursuant to Title 35, United States Code, Section 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enter judgment that Defendant has infringed the '209 patent;

(b) Permanently enjoin Defendant from infringing the '209 patent, pursuant to 35 U.S.C. § 283;

(c) Award Plaintiff damages in an amount to be proven at trial because of the injury suffered by reason of Defendant's infringement of the '209 patent;

(d) Award Plaintiff its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285;

(e) Award Plaintiff prejudgment interest and costs pursuant to 35 U.S.C. § 284; and

(f) Award Plaintiff such other and further relief as the Court deems proper.

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on any issue in this action triable by right before a jury.

Respectfully submitted this 8th day of March, 2011.

*/s/ Catherine Hart*
Kristin J. Doyle
Georgia Bar No. 394798
Catherine E. Hart
Georgia Bar No. 259630
KILPATRICK TOWNSEND & STOCKTON
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309-4530
(404) 815-6500
(404) 815-6555 (fax)
kdoyle@kilpatricktownsend.com
chart@kilpatricktownsend.com

Attorneys for Plaintiff
Southern Mills, Inc.